IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEE WOOFENDEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil No. 05-11408-WGY |
| | ) |
| EDWIN ARCARO, APPEALS TEAM | ) |
| MANAGER, INTERNAL REVENUE | ) |
| SERVICE, | ) |
| | ) |
| Defendant. | ) |

UNITED STATES' MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

On June 10, 2005, the Internal Revenue Service issued a Notice of Determination Concerning Collection Action regarding the income tax liabilities of Mr. Woofenden for the years 1998, 1999, and 2000. See Exhibit 1 to Plaintiff's Complaint. Plaintiff Lee Woofenden commenced the above-referenced action on July 5, 2005, claiming jurisdiction under 26 U.S.C. § 6330, which provides for judicial review of an administrative determination regarding collection action in either the United States District Courts or the United States Tax Court, depending on the type of tax involved. See Complaint, ¶ 1.

Because the taxes at issue in this proceeding are income taxes, jurisdiction is conferred upon the United States Tax Court by virtue of 26 U.S.C. § 6330(d)(1) and Treas. Reg. § § 301.6320-1(f)(2)Q&A-F3; 301.6330-1(f)(2)Q&A-F3, which provide that the Tax Court has exclusive jurisdiction over income taxes in the context of collection due process notices.[1] See

---

[1] Plaintiff asserts in his complaint that the taxes at issue are employment taxes. See Complaint, ¶ 3. This is simply untrue; the taxes at issue are clearly identified on the Notice of Determination as income tax liabilities, and not employment tax liabilities. See Exhibit 1 to

1358174.1

also Wright v. United States, 250 F.Supp.2d 919, 921-922 (MD Tenn. 2003); Hart v. Internal Revenue Service, 2000-1 U.S.T.C. ¶ 50,328 (ED Pa. 2001), *aff'd* 281 F.3d 221 (3rd Cir. 2002); Glass v. Internal Revenue Service, 2001-2 U.S.T.C. ¶ 50,747 (9th Cir.); Moore v. Commissioner, 114 T.C. 171, 175 (2000); Diefenbaugh v. Weiss, 2000-2 U.S.T.C. ¶ 50,839 (6th Cir.). As a result, this action must be dismissed, and, pursuant to 26 U.S.C. § 6330(d)(1), plaintiff "shall have 30 days after the court determination [the appeal was to an incorrect court] to file such appeal with the correct court."[2]

---

Plaintiff's Complaint.

[2] Additionally, plaintiff's complaint names Edwin Arcaro, an employee of the Internal Revenue Service, as the defendant in this action. The actions complained of by the plaintiff are actions taken by Mr. Arcaro within the scope of his employment as an IRS Appeals Officer, and, as a result, the relief sought can be had, if at all, only against the United States. See Dugan v. Rank, 372 U.S. 609, 620 (1963) (actions against federal employees acting in their official capacity are actions against the United States); Atkinson v. O'Neill, 867 F.2d 589, 590 (10th Cir. 1989); DeLeeuw v. Internal Revenue Service, 681 F. Supp. 402, 403-04 (E.D. Mich. 1987). Mr. Arcaro is not a proper party defendant to this action, and the United States should be substituted as the proper party defendant.

CONCLUSION

      For the reasons stated above, this action must be dismissed as this Court lacks jurisdiction to hear this matter.

```
I hereby certify that a true copy of the
above document was served upon (each party
appearing pro se and) the attorney of record
for each other party by mail on

  9/23/05 - Lydia Bottome Turanchik
```

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney


/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov