IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LEE WOOFENDEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-11408-WGY |
| | ) | |
| EDWIN ARCARO, APPEALS TEAM | ) | |
| MANAGER, INTERNAL REVENUE | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION
TO UNITED STATES' MOTION TO DISMISS

On July 5, 2005 Mr. Woofenden filed the instant proceeding, seeking judicial review of a collection due process determination made by the Internal Revenue Service.  On September 23, 2005, the United States moved to dismiss the proceeding on the grounds that this Court did not have jurisdiction to hear this matter as Mr. Woofenden had filed his complaint with the improper court.  On October 6, 2005, Mr. Woofenden submitted to the Court a "Brief in Opposition to 'United States' Motion to Dismiss."  As grounds for his opposition,  Mr. Woofenden makes two separate, yet equally frivolous, allegations.  First, he asserts that he cannot be subject to an income tax because, he erroneously claims, an income tax is defined by sections 1441, *et seq.* of the Internal Revenue Code and does not apply to him.  Second, he asserts that because he cannot be subject to an income tax, then the taxes at issue in this proceeding must be employment taxes, thereby giving this Court jurisdiction to hear his appeal.  Each of these claims is without merit.

1381347.1

Fundamentally, Mr. Woofenden must be able to establish the jurisdiction of this Court to hear this matter; "[i]t is apodictic that a plaintiff bears the burden of proving facts necessary to establish jurisdiction." Martel v. Stafford, 992 F.2d 1244, 1247 (1st Cir. 1993) (citing Donatelli v. National Hockey League, 893 F.2d 459, 468 (1st Cir.1990)).   "In order to establish the jurisdiction of a court over a suit against the United States, it must be shown that the court has subject matter jurisdiction of the issues raised by the suit, that the United States has waived its immunity for suits of that kind, and that the United States has consented to be sued in the particular court." Comm. of Mass. by Dept. of Public Welfare v. Departmental Grant Appeals Bd. of U.S. Dept. of Health and Human Services, 815 F.2d 778, 781 (C.A.1 (Mass.)1987).  In this matter, Mr. Woofenden has utterly failed to establish the jurisdiction of this Court, and his complaint must be dismissed.

As indicated in the government's motion to dismiss, the taxes at issue in this proceeding are income taxes assessed against Mr. Woofenden for the 1998, 1999, and 2000 tax years. Section 6330(d) of the Internal Revenue Code and Treasury Regulation sections 301.6320-1(f)(2)Q&A-F3; 301.6330-1(f)(2)Q&A-F3 provide that the Tax Court has original jurisdiction over income taxes in the context of collection due process notices.  In an effort to overcome the plain language of the statutory provisions and supporting regulations, Mr. Woofenden asserts that (1) the taxes at issue in this case are not income taxes because he is not liable for income taxes; and (2) because he is not liable for income taxes, the taxes at issue in this matter, by process of elimination, must be employment taxes.  See Opposition Brief.  However, the very issues that Mr. Woofenden seeks to raise are, in the context of Section 6330, properly addressed only in the Tax Court.  It is beyond dispute that the IRS has, whether correctly or, as he would have it, not,

1381347.1

assessed *income tax* liabilities against Mr. Woofenden and he is therefore limited to a remedy

before the Tax Court.  As we stated in the memorandum in support of the motion to dismiss,

citing 26 U.S.C. § 6330(d)(1), a dismissal of this proceeding will not leave Mr. Woofenden

without a remedy as he will have thirty days after the dismissal to file his action in the proper

Court.

## CONCLUSION

This Court does not have jurisdiction over the action, and the longer this action continues

in the wrong court, the more the collection of Mr. Woofenden's tax liabilities is delayed.  This

action must be dismissed.

I hereby certify that a true copy of the
above document was served upon (each party
appearing <u>pro</u> <u>se</u> and) the attorney of record
for each other party by mail on

   10/14/05 - Lydia Bottome Turanchik

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Lydia Bottome Turanchik
LYDIA BOTTOME TURANCHIK
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 55
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-6560
Lydia.D.Bottome@usdoj.gov

1381347.1