# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LEE WOOFENDEN, | |
| Defendant | |
| -vs- | |
| EDWIN ARCARO, Appeals Team Manager, Internal Revenue Service | Case No. 05-11408-WGY |

## BRIEF IN OPPOSITION TO
## "UNITED STATES' MOTION TO DISMISS"

COMES NOW the Plaintiff, Lee Woofenden, who opposes Defendant Edwin Arcaro's, Motion to Dismiss, and for this, states as follows:

Defendant Edwin Arcaro[1] (hereinafter, "Arcaro") claims, by and through his federal government attorney, that this United States district court lacks jurisdiction to hear this matter. Arcaro claims that it is income taxes, and not employment taxes, that are at issue. To support this argument, Arcaro cites portions of two regulations, which are shown below:

> *26 C.F.R. § 301.6320-1(f)(2)*
> *Q-F3. Where should a taxpayer direct a request for judicial review of a Notice of Determination?*
> *A-F3. If the Tax Court would have jurisdiction over the type of tax specified in the CDP Notice (for example, income and estate taxes), then*

---

[1] Defendant asserts that the proper party to this action is the United States. However, no motion has been filed to replace Arcaro with the United States.

> the taxpayer must seek judicial review by the Tax Court. If the tax liability arises from a type of tax over which the Tax Court would not have jurisdiction, then the taxpayer must seek judicial review by a district court of the United States in accordance with Title 28 of the United States Code.

…and…

> 26 C.F.R. § 301.6330-1(f)(2)
> Q-F3. Where should a taxpayer direct a request for judicial review of a Notice of Determination?
> A-F3. If the Tax Court would have jurisdiction over the type of tax specified in the CDP Notice (for example, income and estate taxes), then the taxpayer must seek judicial review by the Tax Court. If the tax liability arises from a type of tax over which the Tax Court would not have jurisdiction, then the taxpayer must seek judicial review by a district court of the United States in accordance with Title 28 of the United States Code.

These regulations do not establish that this action should be brought before Tax Court. As such, we have a mere bald allegation that an income tax, in contradistinction to an employment tax, is at issue—including Defendant's footnote. Arcaro's footnote asserts that because the Notice of Determination indicates income taxes are at issue, constitutes proof of such. However, this merely compounds the erroneous nature of the determination, and in no way buttresses Arcaro's argument. Moreover, saying that it is an income tax that is in controversy – even repeatedly – doesn't make it so.

Examination of Subtitle A – the "income tax" – shows clearly that the "income tax" cannot be at issue. There are two elements to the Subtitle A income tax: first, a lawful tax must first be imposed upon some taxable person, property, event, or activity; and, second, it is necessary to make someone liable for the payment of that tax. Obviously, without a statute making someone liable for the

payment of the tax, then nobody could be required to pay it.

Where the income tax is concerned, it is the withholding agent that is made liable for the tax:

> *§ 1461. Liability for withheld tax*
> *Every person required to deduct and withhold any tax under this chapter is hereby made liable for such tax and is hereby indemnified against the claims and demands of any person for the amount of any payments made in accordance with the provisions of this chapter.*

We further find that the "person" upon whom the tax is imposed, is identified in Subtitle A, ch. 3 at §§ 1441, 1442 1443. 1444 1445 and 1446:

- *§1441. Withholding of tax on nonresident aliens.*
- *§1442. Withholding of tax on foreign corporations.*
- *§1443. Foreign tax exempt organizations.*
- *§1444. Withholding on Virgin Island source income.*
- *§1445. Withholding of tax on dispositions of United States real property interests.*
- *§1446. Withholding tax on foreign partners' share of effectively connected income.*

Since Woofenden is neither a non-resident alien nor an artificial entity such as a foreign corporation or foreign tax exempt organization, and since he received no income from Virgin Islands sources and is not a foreign partner, it is clear that he cannot be the subject of the income tax found in subtitle A of the Internal Revenue Code.

If we eliminate the gift and inheritance taxes of Subtitle B, and eliminate the excise tax subtitles, we are left with only Subtitle C. If one were to examine

the Internal Revenue Code, in the beginning of Subtitle C, at the top of each page of chapter 21 through chapter 23 and chapter 25 appears "*Employment Taxes*"; and chapter 24 deals with "*wage withholding,*" which, obviously is an aspect of employment taxes. Woofenden can cite the acts of Congress to show that an employment tax is at issue; the Arcaro can't. And if the Arcaro can't show that an income tax is in controversy, he has nothing to "hang his hat on." As such, the arguments of the Arcaro collapse like a house of cards; and the tax court is barred from hearing this matter, as shown in the second paragraph of Woofenden's Petition:

> *§ 601.102 Classification of taxes collected by the Internal Revenue Service*
>> *(b) Assessed taxes. Taxes collected principally by assessment fall into the following two main classes:*
>>> *(2) **Taxes not within the jurisdiction of the U.S. Tax Court**. Taxes not imposed by chapter 1, 2, 3, or 4 of the 1939 Code or subtitle A or chapter 11 or 12 of the 1954 Code are within this class, such as:*
>>>> *(i) **Employment taxes**.* [Emphasis added]

WHEREFORE, the court should deny the Defendant's Motion to Dismiss, and allow this matter to go into discovery.

Dated this 6th day of October, 2005.

*Lee Woofenden* (signature)

Lee Woofenden
88 Pearl St.
Middleboro, Mass. 02346

# CERTIFICATE OF SERVICE

It is hereby certified by the undersigned, a person over the age of 21 and a citizen of Massachusetts, that the following document:

(1)   BRIEF IN OPPOSITION TO MOTION TO DISMISS; and,
(2)   CERTIFICATE OF MAILING;

have been sent via the U.S. Postal Service, postage having been paid in full, on the 6th day of October, 2005, to the parties indicated hereinafter.

Clerk, United States District Court
District of Massachusetts
United States Courthouse
1 Courthouse Way
Boston, Mass. 02210

Lydia Bottome Turanchik
Trial Atty., Tax Division
U.S. D.O.J.
P. O. Box 55
Ben Franklin Station
Washington, D.C. 20044

_____
Lee Woofenden